UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

RUDOLPH BETANCOURT,
    Plaintiff,
vs.

PROPERTY MANAGEMENT OF
HOLLYWOOD, INC. and S & M 2018, LLC
d/b/a PITA POCKETS,
    Defendants.

## COMPLAINT

Plaintiff, RUDOLPH BETANCOURT (hereinafter "Plaintiff"), by his undersigned, hereby files this Complaint and sues Defendants, PROPERTY MANAGEMENT OF HOLLYWOOD, INC. and S & M 2018, LLC d/b/a PITA POCKETS (hereinafter "Defendants"), for injunctive relief pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq.*, (hereinafter the "A.D.A"), the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 (hereinafter the "ADAAG"), and the Florida Building Code.

## JURISDICTION & VENUE

**1.** This Court has original jurisdiction over the action pursuant to 28 U.S.C., §§1331 and 1343 for Plaintiff's claims arising under 42 U.S.C. § 12181. *et seq.*, based upon Defendants' violations of Title III of the ADA (see also, 28 U.S.C. §§ 2201 and 2202).

**2.** The subject property is a restaurant located on or about 2727 Hollywood Blvd Hollywood, Florida 33020 (hereinafter "Subject Premises").

**3.** All events giving rise to this lawsuit occurred in the State of Florida. Venue is proper in this Court as the Subject Premises are located in the Southern District.

## PARTIES

4.   Plaintiff, RUDOLPH BETANCOURT, is currently a resident of Fenwick, Michigan in the County of Montcalm, is *sui juris*, and is a qualified individual under the ADA and the FACBC.

5.   Plaintiff is a double leg amputee who uses prosthetic devices or a wheelchair to ambulate, a Marine Corps veteran with several friends, family, and colleagues in South Florida who he frequently visits. Additionally, Plaintiff enjoys the Florida weather and the multiple sporting events, festivals, and events that occur throughout Florida.

6.   Despite the physical limitations to which he is subjected as a result of his disability, Plaintiff continues to lead a full life, frequently travels, dines out, and is also an actively social and independent individual. Plaintiff's recent visits to Florida include:

   a.   Coral Springs, FL on or about March 26, 2021,
   b.   Pompano Beach, FL on or about March 28, 2021,
   c.   West Palm Beach, FL on or about June 30, 2021,
   d.   Miami Beach, FL on or about July 15, 2021,
   e.   Jacksonville, FL on or about September 14, 2021,
   f.   Weston, FL on or about September 16, 2021,
   g.   Deerfield Beach, FL on or about September 17, 2021,
   h.   Weston, FL on or about October 10, 2021,
   i.   Sunrise, FL on or about October 11, 2021,
   j.   Orlando, FL on or about March 5, 2022,
   k.   Titusville, FL on or about July 9, 2022,
   l.   Orlando, FL on or about July 21, 2022,
   m.   Pompano Beach, FL on or about July 22, 2022,
   n.   Boca Raton, FL on or about July 23, 2022,
   o.   Stuart, FL on or about July 25, 2022,
   p.   Boca Raton, FL on or about September 1, 2022,
   q.   Margate, FL on or about January 5, 2023
   r.   Ft. Lauderdale, FL on or about January 6, 2023,
   s.   Pembroke Pines, FL on or about January 6, 2023,

  **t.** Coral Springs, FL on or about January 7, 2023,

  **u.** Plantation, FL on or about January 7, 2023,

  **v.** Weston, FL on or about January 8, 2023,

  **w.** Melbourne, FL on or about June 12, 2023,

  **x.** Davenport, FL on or about June 13, 2023,

  **y.** Pompano Beach, FL on or about June 14, 2023,

  **z.** Melbourne, FL on or about July 10, 2023,

  **aa.** Ft. Lauderdale, FL on or about July 11, 2023,

  **bb.** Davenport, FL on or about July 11, 2023,

  **cc.** Pompano Beach, FL on or about July 12, 2023,

  **dd.** Ft. Lauderdale, FL on or about September 12, 2023.

  **ee.** Broward County, Florida on or about October 20-23, 2023,

  **ff.** Miami Dade County, Florida on or about October 23-24, 2023.

7. Defendant, PROPERTY MANAGEMENT OF HOLLYWOOD, INC., is a corporation which is authorized to and does transact business in the State of Florida and within this judicial district.

8. Pursuant to the Broward Property Appraiser's Office, Defendant, PROPERTY MANAGEMENT OF HOLLYWOOD, INC., is the owner and/or operator/manager of the real property located on or 2727 Hollywood Blvd Hollywood, Florida 33020 (hereinafter the "Subject Premises"). This is the building where the Subject Premises is located.

9. Defendant, S & M 2018, LLC, is a limited liability company which is authorized to and does transact business in the State of Florida and within this judicial district.

10. According to the Broward Tax Collector's Office, the Defendant, S & M 2018, LLC, was licensed on December 6, 2018 and occupies 2727 Hollywood Blvd Hollywood, Florida 33020 as a restaurant known as "PITA POCKETS".

11. The Subject Premises is owned and/or operated by the Defendants and is a public accommodation required by law to comply with the ADA and ADAAG.

## FACTUAL ALLEGATIONS AND CLAIM

12.     Plaintiff most recently visited the Subject Premises on or about October 21, 2023, to dine and accessed, to the extent possible, or attempted to access the Subject Premises and specific areas of the Subject Premises as described herein.

13.     While visiting the Subject Premises, Plaintiff personally encountered or observed several barriers to access in violation of the ADA and ADAAG as detailed further herein at Paragraph 17.  As a result, Plaintiff has been denied access to the Subject Premises and full and equal enjoyment of the goods and services offered therein because of his disability and will continue to be denied such access as a result of those barriers.

14.     Said barriers to access at the Subject Premises endanger the safety of Plaintiff and all other individuals with disabilities, deny Plaintiff and others with disabilities equal access to the Subject Premises as to that of able-bodied persons, and causes social embarrassment due to the difficulties encountering such barriers to access—a social embarrassment that would not occur if the Subject Premises was in compliance with the ADA and ADAAG.

15.     In encountering the barriers to access at the Subject Premises, and suffering the resulting discrimination, endangerment, and embarrassment—the Plaintiff sustained a lawful injury-in-fact pursuant to the ADA.

16.     Pursuant to the mandates of 42 U.S.C. §12134(a), on September 15, 2010, the Department of Justice, Office of the Attorney General, published revised regulations for Title III of the Americans with Disabilities Act of 1990 in the Federal Register to implement the requirements of the ADA.  Public accommodations were required to conform to these regulations on or before March 15, 2012.[1]

---

[1] "Safe Harbor. Elements that have not been altered in existing facilities on or after March 15, 2012, and that comply with the corresponding technical and scoping specification for those elements in the 1991 Standards are not required

17.     A specific, although not exclusive, list of unlawful physical barriers, dangerous conditions and ADA violations which preclude and/or limit Plaintiff's ability (because of his disability) to access the Subject Premises and/or full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the Subject Premises include:

### Exterior Seating

a) Failure to provide seating that has the correct clear floor space for a forward approach in violation of 2010 ADAAG §§902, 902.2, 305.2, 306.2, and 306.3.

b) Failure to provide a sufficient amount of seating when dining surfaces are provided for the consumption of food or drink in violation of 2010 ADAAG §§226 and 226.1.

### Entrances

c) Failure to provide entrance door hardware that is operable with one hand in violation of 2010 ADAAG §§309.4 and 404.2.7.

d) Failure to provide adequate maneuvering clearance at the door to enter the restaurant in violation of 2010 ADAAG §§404, 404.2.4, and 404.2.4.1.

e) Providing a ramped entrance with a non-compliant level landing at the door in violation of 2010 ADAAG §§405.7.5 and 404.2.4.

### Interior Seating

f) Failure to provide seating that has the correct clear floor space for a forward approach in violation of 2010 ADAAG §§902, 902.2, 305.2, 306.2, and 306.3.

g) Failure to provide a sufficient amount of seating when dining surfaces are provided for the consumption of food or drink in violation of 2010 ADAAG §§226 and 226.1.

### Interior

h) Providing a service counter that exceeds the maximum height above the finish floor in violation of 2010 ADAAG §§904 and 904.4.2

i) Failure to provide a service counter with compliant clear floor space for an approach in violation of 2010 ADAAG §§904 and 904.4.1.

### Public Accessible Restroom

j) Providing non-compliant restroom doorknob hardware in violation of 2010 ADAAG §§205.1 and 309.4

---

to be modified in order to comply with the requirements set forth in the 2010 Standards" 28 CFR §36.304(d)(2)(i), however, the violations described herein violate both the 1991 Standards as well as the 2010 Standards.

k) Failure to provide grab bars free from obstructions in violation of 2010 ADAAG §§609 and 609.3.

l) Providing a lavatory with non-compliant knee clearance in violation of 2010 ADAAG §§306.3.1 and 604.

m) Failure to provide a paper towel dispenser at the correct height above the finish floor in violation of 2010 ADAAG §§308 and 604.

n) Failure to provide compliant clear floor space around the water closet in violation of 2010 ADAAG §§304.3, 604, 604.3, and 604.3.1.

o) Providing a mirror that exceeds the correct height above the finish floor in violation of 2010 ADAAG §§ 603 and 603.3.

p) Failure to provide a water closet with the flush control located on the correct side in violation of 2010 ADAAG §§603, 604, and 604.6.

q) Failure to provide a soap dispenser that is operable with one hand in violation of 2010 ADAAG §§309.4 and 603.

r) Providing a carpet that is not firmly attached to the ground in violation of 2010 ADAAG §§302.2 and 303.

18. The above listing is not to be considered all-inclusive of the barriers, conditions or violations encountered by Plaintiff and/or which exist at the Subject Premises. Plaintiff requires an inspection of the Subject Premises in order to photograph, measure and determine all of the discriminatory acts violating the ADA.

19. The removal of the physical barriers, dangerous conditions and ADA violations set forth herein is readily achievable and can be accomplished and carried out without much difficulty or expense pursuant to 42 U.S.C. § 12182(B)(2)(A)(iv); 42 U.S.C. § 12181(9); and 28 C.F.R, § 36.304.

20. The ADA defines "readily achievable as "easily accomplishable and without much difficult or expenses."42 U.S.C. §12181(9) Congress included in the ADA factors to be considered in evaluating whether removal of a barrier is "readily achievable." These factors are (1) nature and cost of the action; (2) overall financial resources of the facility or facilities involved; (3) number of persons employed at such facility; (4) effect on expenses and resources; (5) impact of such action upon the operation of the facility; (6) overall financial resources of the

covered entity; (7) overall size of the business of a covered entity; (8) the number, type, and location of its facilities; (9) type of operation or operations of the covered entity, including composition, structure, and functions of the workforce of such entity, and (10) geographic separateness, administrative or fiscal relationship of the facility or facilities in question to the covered entity. Garthright-Dietrich v. Atlanta Landmarks, Inc., 452 F. 3d 1269, 1272-73 (11th Cir. 2006).

21. The obligation to engage in readily achievable barrier removal is a continuing one. Over time, barrier removal that initially was not readily achievable may later be required because of changed circumstances. DOJ ADA Title III Technical Assistance Manual, Section III-4.4400 Continuing obligation.

22. Because, *inter alia,* this Subject Premises was designed, constructed, and received its Certificate of Occupancy on December 6, 2018, Plaintiff asserts that said ADA violations are intentional in nature and will not be corrected absent Court intervention, thus exacerbating the intentional legal harm and injury to which Plaintiff has been and will continue to be subjected in the future.

23. Plaintiff will undoubtedly return to the Subject Premises once the barriers to access have been remediated—not only to avail himself of the goods and services available at the Subject Premises, but to confirm and assure himself that the Subject Premises has been brought into compliance with the ADA and *maintained* in compliance with the ADA so that Plaintiff and other persons with disabilities will have equal access to the Subject Premises without fear of discrimination, endangerment of their safety, or social and public embarrassment.

24. Independent of his personal desire to access this place of public accommodation as required by law, Plaintiff is an advocate of the rights of similarly situated persons with

disabilities and an advocate for asserting his own civil rights. However, Plaintiff is deterred from returning to the Subject Premises as long as the Defendants continue to operate the Subject Premises in violation of the ADA and ADAAG.

25.     Plaintiff has a realistic, credible, and continuing threat of discrimination by the Defendants as long as the Subject Premises remains in non-compliance with the ADA.

26.     Defendants have discriminated against Plaintiff and others with disabilities by denying access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the Subject Premises, as prohibited by 42 U.S.C., § 12182, *et. seq.*, and by failing to remove architectural barriers as required by 42 U.S.C., § 12182(b)(2)(A)(iv) and will continue to discriminate against Plaintiff and others with disabilities unless and until Defendants are compelled to remove all physical barriers that exist at the Subject Premises, including those specifically set forth herein, and make the Subject Premises accessible to and usable by persons with disabilities, including Plaintiff.

27.     Plaintiff has suffered and continues to suffer direct and indirect injury as a result of the ADA violations that exist at the Subject Premises and the actions or inactions described herein.

28.     Plaintiff is without adequate remedy at law and is suffering irreparable harm, and reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendants are required to remove the physical barriers, dangerous conditions and ADA violations that exist at the Subject Premises, including those set forth herein.

29.     Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. The Plaintiff is entitled to have his reasonable attorney's fees, costs and expenses paid by the Defendants, pursuant to 42 U.S.C., §§ 12205 and 12217.

30.     Pursuant to 42 U.S.C. §12188(a), this Court is provided with authority to grant injunctive relief to Plaintiff, including an order to alter the Subject Premises to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA, and closing the Subject Premises until the requisite modifications are completed.

**WHEREFORE,** Plaintiff respectfully requests that the Court issue a permanent injunction enjoining Defendants from continuing is discriminatory practices, ordering Defendants to remove the physical barriers to access and alter the Subject Premises to make it readily accessible  to and useable by individuals with disabilities to the extent required by the ADA, closing the Subject Premises until the barriers are removed and requisite alterations are completed, and awarding Plaintiff his reasonable attorney's fees, expert fees, costs and litigation expenses incurred in this action.

Respectfully submitted,

s/ Glenn R. Goldstein
Glenn R. Goldstein, Esq. (FBN: 55873)
   *Attorney for Plaintiff*
Glenn R. Goldstein & Associates, PLLC
8101 Biscayne Blvd., Ste. 504
Miami, Florida 33138
(561) 573-2106
GGoldstein@G2Legal.net

s/ Lauren N. Wassenberg
Lauren N. Wassenberg, Esq. (FBN: 34083)
   *Attorney for Plaintiff*
Lauren N. Wassenberg & Associates, P.A.
33 SE 4th St., Ste. 100
Boca Raton, FL 33432
(561) 800-0405
WassenbergL@gmail.com