UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-60142-CIV-DAMIAN

**RUDOPLH BETANCOURT**,

    Plaintiff,

vs.

**PROPERTY MANAGEMENT OF HOLLYWOOD, INC. and S & M 2018, LLC**,

    Defendants.
_____/

## DEFAULT FINAL JUDGMENT

**THIS CAUSE** having come before the Court on Plaintiff, Rudolph Betancourt's ("Plaintiff"), Verified Motion for Default Final Judgment for Injunctive Relief and Verified Application for Award of Reasonable Attorney's Fees and Costs [ECF No. 32] and said Motion having been granted in part, *see* ECF No. 34, it is hereby

**ORDERED AND ADJUDGED** that, pursuant to Federal Rule of Civil Procedure 58, Final Judgment is hereby entered in favor of Plaintiff, Rudolph Betancourt, and against Defendants, Property Management of Hollywood, Inc., and S & M 2018, LLC. The Court **ENJOINS** Defendants, Property Management of Hollywood, Inc., and S & M 2018, LLC, from continuing their discriminatory practices, and **ORDERS** Defendants, Property Management of Hollywood, Inc., and S & M 2018, LLC, to alter the property located at 2727 Hollywood Blvd., Hollywood, Florida 33020 ("Subject Property") and to comply with 42 U.S.C. § 12181, *et seq.*, by remediating the following violations:

**Exterior Seating**

a) Failure to provide seating that has the correct clear floor space for a forward approach in violation of 2010 ADAAG §§ 902, 902.2, 305.2, 306.2, and 306.3.

b) Failure to provide a sufficient amount of seating when dining surfaces are provided for the consumption of food or drink in violation of 2010 ADAAG §§ 226 and 226.1.

**Entrances**

c) Failure to provide entrance door hardware that is operable with one hand in violation of 2010 ADAAG §§ 309.4 and 404.2.7.

d) Failure to provide adequate maneuvering clearance at the door to enter the restaurant in violation of 2010 ADAAG §§ 404, 404.2.4, and 404.2.4.1.

e) Providing a ramped entrance with a non-compliant level landing at the door in violation of 2010 ADAAG §§ 405.7.5 and 404.2.4.

**Interior Seating**

f) Failure to provide seating that has the correct clear floor space for a forward approach in violation of 2010 ADAAG §§ 902, 902.2, 305.2, 306.2, and 306.3.

g) Failure to provide a sufficient amount of seating when dining surfaces are provided for the consumption of food or drink in violation of 2010 ADAAG §§ 226 and 226.1.

**Interior**

h) Providing a service counter that exceeds the maximum height above the finish floor in violation of 2010 ADAAG §§ 904 and 904.4.2.

i) Failure to provide a service counter with compliant clear floor space for an approach in violation of 2010 ADAAG §§ 904 and 904.4.1.

**Public Accessible Restroom**

j) Providing non-compliant restroom doorknob hardware in violation of 2010 ADAAG §§ 205.1 and 309.4.

k) Failure to provide grab bars free from obstructions in violation of 2010 ADAAG §§ 609 and 609.3.

l) Providing a lavatory with non-compliant knee clearance in violation of 2010 ADAAG §§ 306.3.1 and 604.

m) Failure to provide a paper towel dispenser at the correct height above the finish floor in violation of 2010 ADAAG §§ 308 and 604.

n) Failure to provide compliant clear floor space around the water closet in violation of 2010 ADAAG §§ 304.3, 604, 604.3, and 604.3.1.

o) Providing a mirror that exceeds the correct height above the finish floor in violation of 2010 ADAAG §§ 603 and 603.3.

p) Failure to provide a water closet with the flush control located on the correct side in violation of 2010 ADAAG §§ 603, 604, and 604.6.

q) Failure to provide a soap dispenser that is operable with one hand in violation of 2010 ADAAG §§ 309.4 and 603.

r) Providing a carpet that is not firmly attached to the ground in violation of 2010 ADAAG §§ 302.2 and 303.

The above-referenced alterations and modifications shall be completed in all respects by **May 5, 2025**. If the alterations and modifications are not completed in all respects by May 5, 2025, then Defendants, Property Management of Hollywood, Inc., and S & M 2018, LLC, shall be subject to reasonable sanctions to compel compliance with this Default Final Judgment. Said sanctions may include but not be limited to *per diem* fines and/or the closing of the premises until said modifications are completed. It is further

**ORDERED** that an award is entered in favor of Plaintiff, Rudolph Betancourt, and, against the Defendants, Property Management of Hollywood, Inc., and S & M 2018, LLC, in the total amount of **Nine-Thousand, Three-Hundred Eighty Dollars ($ 9,380.00)**, which

includes Plaintiff's attorney's fees in the amount of Eight-Thousand, Eight-Hundred and Fifty-Eight Dollars ($ 8,858.00) plus an award in the amount of Five-Hundred and Twenty-Two Dollars ($ 522.00) for legal costs and expenses—for which sum let execution issue forthwith.

The Court retains jurisdiction of the above-styled action for the purpose of entering such further orders as may be necessary to assure Defendants, Property Management of Hollywood, Inc., and S & M 2018, LLC, subsequent compliance with this Judgment and with the Americans with Disabilities Act.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida this 5th day of November, 2024.

                                                        **MELISSA DAMIAN**
                                                        **UNITED STATES DISTRICT JUDGE**

cc:   Counsel of record